GARRITY, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 22—June 12, 1941.*

For the plaintiff in error there was a brief by *Wolfe & Hart* and *Z. F. O'Leary,* all of Milwaukee, and oral argument by *Mr. O'Leary.*

For the defendant in error there was a brief by the *Attorney General, Herbert J. Steffes,* district attorney of Milwaukee county, and *Gene L. Green,* assistant district attorney, and oral argument by *Mr. Green.*

MARTIN, J.   The defendant contends that the court erred in finding, (1) that the defendant embezzled or fraudulently converted the funds to his own use; and (2) that the defendant was guilty of criminal intent to defraud the company of its funds.

During all of the period in question, defendant was employed by the North Lake Sand & Gravel Company, a Wisconsin corporation, as sales and production manager. As such he had authority to collect accounts of the company and to deposit such receipts. All funds collected by him were supposed to be deposited in the account of the company at the Bay View State Bank, at Milwaukee, Wisconsin. All withdrawals from the company's bank account were to be made by check signed by the defendant and countersigned by one of the

other officers. Defendant was a stockholder of the company. His employment commenced February 15, 1927. He did not receive his full salary and expenses during the years 1932, 1933, 1934, and 1935, due to the financial condition of the company. In 1935 he accepted seventy-five shares of the capital stock of the company, which then had a value of $24 per share, and credited his account for back salary and expenses in the sum of $3,750, which amounted to a credit to the company of $50 per share on the stock received.

Indebtednesses of the company were to be paid on authorization and approval of the board of directors. In 1938 the company was in serious financial difficulties. The board of directors requested defendant to collect certain accounts which appeared outstanding on the books of the company. Later, upon checking these accounts, it was found that the customers had previously paid the defendant balances due the company. There is evidence to the effect that defendant refused to discuss the circumstances of these payments, the errors on the company's books relating to these accounts, or even to meet with the officers of the company for that purpose. He stated. the matter should be taken up with his attorney.

In the first count of the information, defendant is charged with embezzling the proceeds of a $100 check given to him on August 16, 1937, by Hans Nelson on the latter's rent account with the company. This check was not deposited in the bank account of the company, and no record of its receipt was entered in the company's books. The evidence shows that defendant cashed this check at the restaurant and cigar store of one William M. Marks. The evidence further shows that defendant bought his lunch and one hundred cigars at Marks' restaurant and cigar store. At the time this check was cashed, Marks deducted eight or nine dollars, his charge for the lunch and cigars, and gave defendant the balance in cash.

In the second count of the information, defendant is charged with having embezzled $373.40 on May 16, 1938. This alleged embezzlement represents the proceeds of several

checks received by the defendant in payment of outstanding accounts due the company. They include an additional check from Nelson for $100 received on May 16, 1938, a check from Hunzinger Construction Company for $121.40, a second check from the same company for $33.80, and a check from Washington county for $118.20. These checks were given to the defendant in payment of amounts due from the respective parties to the company. Defendant cashed the check he received from the Hunzinger Construction Company at Carroll College at Waukesha on June 8, 1938. He was unable to recall what he had done with the proceeds of this check. He admitted that his son was a student at Carroll College at the time, and that he paid his tuition to the college on the day he cashed the construction company's check at the college. The construction company's check of June 29, 1938, for $33.80 was exchanged by defendant for a check of the Druecker Kaestner Company for a like amount, and the latter check was cashed by defendant.

Mr. Zedler, who made an audit of the company's books on behalf of the defendant, admitted that the sum of $4,269.76 was collected by defendant and unaccounted for on the books of the company. The state claims that the actual shortage amounted to $7,484.14. It will serve no useful purpose to try to trace the numerous financial transactions. Defendant admits the receipt of moneys far in excess of the amount with which he is charged as having embezzled. As to many of the items received he claims to have retained same to apply on his salary, that he personally paid other sums to company creditors, and as to many items he was unable to make any explanation as to what he had done with the moneys collected.

It is true that defendant made no pretense at being a bookkeeper. There were times when the company employed no bookkeeper, and the variation in the alleged shortages found by the company's auditor and the defendant's auditor clearly indicates a slipshod method of bookkeeping. Upon the evi-

dence in this case there can be no doubt but that defendant converted funds of the company to his own use.

The principal defense is that the state failed to prove the necessary criminal intent beyond a reasonable doubt.

" 'The law presumes that every man intends the legitimate consequences of his own acts. Wrongful acts knowingly or intentionally committed can neither be justified or excused on the ground of an innocent intent. The color of the act determines the complexion of the intent. The intent to injure or defraud is presumed when the unlawful act, which results in loss or injury, is proved to have been knowingly committed. It is a well-settled rule, which the law applies in both criminal and civil cases, that the intent is presumed and inferred from the result of the action.' " *Lochner v. State,* 218 Wis. 472, 481, 261 N. W. 227, and cases cited.

While a defendant in a criminal case has the right upon appeal or writ of error to demand the deliberate opinion and judgment of this court upon the question whether his guilt was sufficiently proven, the law is that if there is credible evidence which in any reasonable view supports the verdict, it cannot be disturbed on appeal. *State v. Hintz,* 200 Wis. 636, 640, 229 N. W. 54; *Parke v. State,* 204 Wis. 443, 444, 235 N. W. 775; *State v. Fricke,* 215 Wis. 661, 667, 255 N. W. 724.

We have carefully read the entire transcript of the evidence and are of the opinion that the court's finding of guilt in this case is amply sustained by the evidence.

*By the Court.*—Judgment affirmed.